UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

**UNITED STATES OF AMERICA, ex rel. JOHN RUBAR**,

*Plaintiff,*
*vs.*

**THE HAYNER HOYT CORPORATION, JEREMY THURSTON, GARY THURSTON, LEMOYNE INTERIORS, DOYNER, INC., RALPH BENNETT, and 229 CONSTRUCTORS, LLC**,

*Defendants.*

Civil Action No.

5:14-cv-00830-GLS-CFH

## PROTECTIVE ORDER

IT IS HEREBY ORDERED by the Court:

1. This Protective Order shall govern the handling of all documents (whether in writing, on magnetic tape or otherwise), testimony and other information, including all copies, excerpts, extracts and summaries thereof (collectively, "Material") produced, given or filed during discovery and other proceedings in the above-captioned action, and designated "Confidential" or "Attorney's Eyes Only" as set forth below.

2. Any party or other person agreeing to be bound hereby (including non-parties) producing or disclosing Material may designate as "Confidential" or "Attorney's Eyes Only" any portions of any Material, subject to paragraphs 4 and 5 below.

    a.) "Confidential" information is information concerning a person's business operations, processes, and technical and development information within the scope of Rule 26(c)(1)(G), the disclosure of which is likely to harm that person's competitive

position, or the disclosure of which would contravene an obligation of confidentiality to a third person or to a Court.

b) "Highly Confidential", or its equivalent, "Attorney's Eyes Only" information is information within the scope of Rule 26(c)(1)(G) that represents current or future business or technical trade secrets and plans that are more sensitive or strategic than Confidential information, the disclosure of which is likely to significantly harm that person's competitive position, or the disclosure of which would contravene an obligation of confidentiality to a third person or to a Court.

c) Information is not Confidential or Highly Confidential if it is disclosed in a printed publication, is known to the public, was known to the recipient without obligation of confidentiality before the producer disclosed it, or is or becomes known to the recipient by means not constituting a breach of this Order. Information is likewise not Confidential or Highly Confidential if a person lawfully obtained it independently of this litigation.

3. A person's designation of information as Confidential or Attorney's Eyes Only means that the person believes in good faith, upon reasonable inquiry, that the information qualifies as such. The parties' counsel and any other person obtaining information from any Material designated "Confidential" or "Attorney's Eyes Only" shall maintain such information in accordance with this Protective Order, shall not disclose such Material or information to any person, entity, organization or agency except as expressly provided below, and shall use such information solely for the purpose of preparing for and conducting the above-captioned action. Material designated "Confidential" or "Attorney's Eyes Only", or the contents thereof, shall be not used for any other purpose or disclosed to any persons other than those authorized herein.

4. A party may designate as "Confidential" any Material that contains or constitutes business operations, processes, and technical and development information

within the scope of Rule 26(c)(1)(G), the disclosure of which is likely to harm that party or person's competitive position, or the disclosure of which would contravene an obligation of confidentiality to a third person or to a Court. Material designated "Confidential" shall not, without the consent of the person producing it or further Order of the Court, be disclosed to anyone other than:

(a) Attorneys of Record and in-house counsel for a party in the above-captioned action;

(b) Persons regularly members of, employed by or associated with the law firms retained by a party, or lawyers or paralegals engaged in whole or in part to assist the law firms of record, when the assistance of such persons is required by said attorneys in the preparation for or trial of the above-captioned action;

(c) Expert witnesses and consultants retained in connection with the above-captioned action, to the extent such disclosure is necessary for the preparation for trial or trial of the action;

(d) Deponents noticed or subpoenaed by the parties, so long as that deponent (i) is an employee, partner, director, officer or agent of the producing party, or (ii) is an expert retained for the purposes of this litigation;

(e) Parties or partners, directors, officers and regular employees of a party to the extent such disclosure is necessary for preparation for a deposition or trial of the above-captioned action;

(f) The author or recipient of that document to the extent such authorship or receipt can be ascertained from the face of the document; and

(g) The Court (including court reporters, stenographic reporters and court personnel).

5. A party may designate as "Attorney's Eyes Only" any Material within the scope of Rule 26(c)(1)(G) that represents current or future business or technical trade

secrets and plans that are more sensitive or strategic than Confidential information, the disclosure of which is likely to significantly harm that party or person's competitive position, or the disclosure of which would contravene an obligation of confidentiality to a third person or to a Court. Material designated "Attorney's Eyes Only" shall not, without the consent of the person producing it or further Order of the Court, be disclosed to anyone other than:

(a) Attorneys of Record and in-house counsel for a party in the above-captioned action;

(b) Persons regularly members of, employed by or associated with the law firms retained by a party, or lawyers or paralegals engaged in whole or in part to assist the law firms of record, when the assistance of such persons is required by said attorneys in the preparation for or trial of the above-captioned action;

(c) Expert witnesses and consultants retained in connection with the above-captioned action, to the extent such disclosure is necessary for the preparation for trial or trial of the action;

(d) Deponents noticed or subpoenaed by the parties, so long as that deponent (i) is an employee, partner, director, officer or agent of the producing party, or (ii) is an expert retained for the purposes of this litigation;

(e) The author or recipient of that document to the extent such authorship or receipt can be ascertained from the face of the document; and

(f) The Court (including court reporters, stenographic reporters and court personnel).

6. Material shall be designated as follows:

(a) In the case of documents, designation shall be made prior to production by stamping or writing the word "Confidential" or "Attorney's Eyes Only" on each page of

any such document or, where appropriate, on the first page of an identifiable group of documents.

(b) Documents may be produced for inspection prior to their designation as "Confidential" or "Attorney's Eyes Only" but shall be designated as "Confidential" or "Attorney's Eyes Only" prior to the transmission of a physical copy of the document to the party requesting the document.

(c) In the case of interrogatory answers, designation shall be made by stamping or writing the word "Confidential" or "Attorney's Eyes Only" on the relevant portion of any such answer.

(d) In the case of depositions, designation of the portion of the transcript (including exhibits) which contains "Confidential" or "Attorney's Eyes Only" Material shall be made by a statement to such effect on the record during the course of the deposition or may be done within ten days of receipt of the transcript of the deposition by counsel for the party claiming confidentiality. If the designation is made during the course of a deposition, the reporter attending such deposition shall thereafter bind the transcript thereof in separate portions containing the non-confidential Material and "Confidential" or "Attorney's Eyes Only" Material and the reporter shall write or stamp the word "Confidential" or "Attorney's Eyes Only" on the cover of the relevant portions of the transcript. If the designation is made following review of the transcript, the party so designating shall write or stamp the word "Confidential" or "Attorney's Eyes Only" on each page the party wishes to so designate. The parties may modify this procedure for any particular deposition through agreement on the record at such deposition, without further court order.

7. All documents, testimony and information produced that is not stamped "Confidential" or "Attorney's Eyes Only" shall be treated as if designated "Attorney's Eyes Only" for a period of 20 days after such production. Inadvertent failure to designate

such material at the time of production may be remedied by supplemental written notice. All documents, testimony, or information so designated shall be treated as if they had been initially designated as "Attorney's Eyes Only".

8. If any party objects to the designation of any Material as "Confidential" or "Attorney's Eyes Only," the party shall so state the objection by letter or statement on the record ("<u>notice</u>") to counsel for the person making the designation. Any such written notice shall identify the Material to which the objection is directed. Counsel shall confer in good faith in an attempt to resolve any disputes concerning such designation. If the status of the Challenged Materials cannot be resolved within ten (10) business days after the time the notice is furnished, the party claiming confidentiality may file an appropriate motion requesting that the Court rule that the Challenged Materials should be subject to the protection invoked. Notwithstanding the foregoing, during any non-party deposition, the parties may attempt to obtain an immediate judicial ruling by telephone conference call. The Challenged Materials will be treated as "Attorney's Eyes Only" pending the Court's ruling on such motion.

9. The terms of this Protective Order shall survive any settlement, discontinuance, dismissal, judgment or other disposition of this action. Within thirty (30) days after final conclusion of all aspects of this litigation, all documents containing Confidential or "Attorney's Eyes Only" information, and all copies of same, shall be destroyed or returned to the party or person that produced such information. Counsel, however, shall be permitted to keep intact and maintain their work product as part of their private files.

10. Nothing herein shall prevent any party, on notice to the other party, from applying to the Court for a modification of this Order nor do the parties waive any right to seek relief from the Court from any provision of this Protective Order at any time, by order or by stipulation.

11. If a party in possession of Materials designated "Confidential" or "Attorney's Eyes Only" receives a subpoena from a non-party to this Protective Order seeking production or other disclosure of any "Confidential" or "Attorney's Eyes Only" Material, he or she shall promptly give written and telephonic notice to counsel for the party who designated the Material "Confidential" or "Attorney's Eyes Only" stating the "Confidential" or "Attorney's Eyes Only" Material sought and enclosing a copy of the subpoena. Where possible, at least ten (10) days' notice before production or other disclosure thereof should be given. In no event shall production or disclosure be made before notice is given.

12. In the event that any party determines that the prosecution or defense of this Action requires that "Confidential" or "Attorney's Eyes Only" Material be disclosed to persons not otherwise authorized herein, such as non-party deponents, that party's counsel shall provide the other party's counsel written notice by facsimile, electronic mail, hand delivery or U.S. mail, of the intended disclosure (which notice shall specify with particularity the "Confidential" or "Attorney's Eyes Only" Material to be disclosed and the identity of the otherwise unauthorized person). This written notice shall be received not less than five (5) business days prior to the intended disclosure, or such shorter period as is mutually agreeable to the parties in any particular case. If, within five (5) business days after receipt of such notice, a party objects in writing to such disclosure, the "Confidential" or "Attorney's Eyes Only" Material shall not be disclosed unless the objecting party fails to move for a protective order barring such disclosure as set forth herein, or the Court denies the objecting party's motion for a protective order. In order to preserve its objection, the objecting party must move for a protective order barring the proposed disclosure within five (5) business days of receipt of the notice of intended disclosure, and shall have the burden of proof on that motion. Failure to move for a protective order shall be deemed a waiver of any objection to the disclosure identified in

the above-described written notice. A party shall be deemed to have moved for a protective order within the five (5) business day period set forth herein if that party has requested a conference with the Court pursuant to Rule 7.1(d) of the Local Civil Rules for the Northern District of New York. Prior to such disclosure of "Confidential" or "Attorney's Eyes Only" Information to the persons described in the first sentence of this paragraph 12, that person shall execute a Confidentiality Agreement, in the form annexed hereto as <u>Exhibit A</u>, stating that he or she has read this Protective Order and agrees to be bound by its provisions.

13. Nothing in this Protective Order shall prevent any party from disclosing its own information which it has designated "Confidential" or "Attorney's Eyes Only" as it deems appropriate and any such disclosure shall not be deemed a waiver of any other parties' obligations under this Protective Order, except as provided by law. This paragraph shall not be construed to extinguish or modify any prior stipulation or order.

14. In the event additional parties are added to this litigation, each new party's counsel shall sign a duplicate original of this Order, send it to all other counsel for the parties and file the original with the Court. Only upon entry of that amended Confidentiality Order on the record shall the additional parties or their counsel be provided access to "Confidential" or "Attorney's Eyes Only" Information.

SO ORDERED: November 5, 2018

*Christian F. Hummel*
Christian F. Hummel
U.S. Magistrate Judge